STAVIG, Plaintiff, v. VAN CAMP, State Insurance Commissioner, Defendant.

(193 N. W. 731.)

(File No. 5245. Opinion filed May 17, 1923.)

**1.  Constitutional Law—Statutes—Hail Insurance—Constitutionality of Law Not Dependent on Questions of Fact.**

The constitutionality of a law is not to be determined on a question of fact to be ascertained by the court, but only from its face and matters of which the court takes judicial notice.

**2.  Estoppel — Hail Insurance — Legislature — State Held Estopped from Collecting Hail Insurance Premiums.**

Where, relying on the constitutionality of Sess. Laws 1921, c. 265, as to hail insurance, the state acted upon, accepted, and granted exemptions to landowners, and the latter requested and accepted immunity from payment of premiums, both the state and the landowners are estopped to question the validity of the law, so that the state lost the right thereafter to collect premiums, and the landowners the right to collect damage for loss by hail.

On defendant's application for leave to withdraw demurrer and motion to quash, and to answer. Application denied.

*Waddel & Dougherty,* of Webster, for Plaintiff.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendant.

(1) To point one of the opinion, Plaintiff cited: 6 R. C. L. 112; 12 C. J. 786; State v. Cantwell, 179 Mo. 245, 280, 78 S. W. 569; Pittsburg, etc., R. Co. v. State, 180 Ind. 245, 102 N. E. 25, L. R. A. 1915D, 458; Stevenson v. Colgan, 91 Cal. 649, 27

Pac. 1089, 25 Am. St. Rep. 230, 14 L. R. A. 459; 2 R. C. L. 31, Sec. 112; Terrell v. Middleton, 108 Tex. 14, 193 S. W. 143; Tenement House Dept. of the City of New York v. Katie Moeschen, 179 N. W. 325, 70 L. R. A. 704.

Defendant cited: 6 R. C. L. 111; Mackey v. Reeves, 42 S. D. 340, 175 N. W. 359, 44 S. D. 153, 182 N. W. 700; Eakin v. S. D. Cement Commission, 44 S. D. 268, 183 N. W. 651; 12 C. J. 1128, Sec. 855.

(2) To point two, Plaintiff cited: 8 Cyc. 793, 10 R. C. L. 704, 12 C. J. 771; State ex rel Clemner & Johnson Co. v. Turner, 93 Ohio St. 379, 113 N. E. 327; State ex rel Morgan's Sons v. Board of Liquidation, 28 La. Ann. 121; State v. Taylor, 28 La. Ann. 460; State ex rel Young v. Harris, 102 Minn. 340, 113 N. N. 887, 13 L. R. A. (N. S.) 533, Cooley's 7th Edition, p. 250.

Defendant cited: Wells v. Johnson, 63 N. W. 1095; 12 C. J., Sec. 193.

SHERWOOD, J. Our original opinion in this case will be found herein at page 302, 192 N. W. at page 760, to which reference is made for the facts.

It is now before us on the application of defendant for leave to withdraw his demurrer and motion to quash, and to answer.

The proposed answer admits that some damage was done to plaintiff's crops by the hailstorm of June 12, 1922. It also admits plaintiff had a beneficial interest in the crops, but denies he was owner of one-quarter of the land. Otherwise it substantially admits plaintiff's cause of action as alleged.

The admissions made would entitle plaintiff to the writ, unless the affirmative defense sets up facts sufficient to raise a triable issue in a mandamus proceeding.

Defendant in substance alleges as his affirmative defenses:

(1) That drought and hot winds in the territory north of the south line of Brookings, Kingsbury, Beadle, Hand, Hyde, and Hughes counties, in 1921 rendered much of the crops that were promising on June 1st, not worth insuring by June 15th.

(2) That crops north of this line are planted and sown about two weeks earlier than south of it.

(3)   That crops are not far enough advanced north of such line to make insurance of any value to the farmers before June 15th of each year.

(4)   That it is highly advantageous to farmers north of such line to be permitted to exempt their crops up to June 15th.

(5)   That the amendment of 1921 to the hail districting law is a reasonable and equitable classification, and division of the lands within the state, based on differences in climate, soil, altitude, and crop conditions.

(6)   That the Legislature of 1919 based its division of the state into hail insurance districts solely on the liability of such territory to damage by hail. While the Legislature of 1921 based its division on differences in altitude, climate, soil, and crop conditions.

(7)   That it is impossible to now adjust these losses because all evidence of damage has been obliterated.

(8)   That it is impossible to pay these losses because the state now has no money to pay them.

(9)   That if certain of the provisions of chapter 265, Laws of 1921, are void, the exemptions made and accepted, between June 1 and June 15, 1922, based on such void provisions, are also void. And hail insurance for 1922 must be extended and collected on all lands so exempted.

The numbering of the above defenses is entirely ours, and is made for convenience in our later reference thereto.

These conclusions of defendant would carry greater weight if, in his recent official report to the Governor and letters to county auditors, which were before the court on this motion, he had not expressed entirely different views concerning many of them.

It needs no argument to show that such alleged defenses are speculative, and argumentative, where they are not mere conclusions, and, while they might properly be presented to the Legislature, have no place before this court.

Indeed, it might well be said, if such climatic differences actually exist, it would be the duty of the court to take judicial notice of them and not take testimony concerning them.

As to the proposed defenses which we have numbered 7 and 8, besides stating mere conclusions of the pleader, they are fully answered by the statute creating the department of hail insurance, which amply provides, not only the method and tribunal for proving damages in cases like the present, but a method for raising funds to pay the losses. Session Laws 1919, c. 244, p. 271, §§ 18, 19, 20, 24, and 25; Session Laws of 1921, c. 264, p. 385.

We will consider the proposed defense we have numbered 9, later in this opinion.

[1] The complete answer to all of defendant's contentions is that—

"The constitutionality of a law is not to be determined on a question of fact to be ascertained by the court." 6 R. C. L., p. 112, § 112.

Defendant concedes this to be the general rule, but claims an exception in this case. There is no merit in this contention.

We approve what was said in Barker v. State Fish Commission, 88 Wash. 73, 152 Pac. 537, Ann. Cas. 1917D, 810, as follows:

"It is argued that the facts here alleged bring this case within an exception to the rule that the constitutionality of a statute must be determined from those matters which appear upon its face, and from those matters of which the court may take judicial notice. The suggestion that the court should hear evidence touching the question of the constitutionality of a statute is somewhat startling when the possible far-reaching effect of such a course is, upon reflection, rendered apparent. Manifestly, such is not the rule, as has been clearly pointed out in numerous decisions, among which are: Stevenson v. Colgan, 91 Cal. 649, 27 Pac. 1089, 25 Am. St. Rep. 20, 14 L. R. A. 459; Pittsburg, C., C. & St. L. R. Co. v. State, 180 Ind. 245, 102 N. E. 25, L. R. A. 1915D, 458 and notes." 2 R. C. L. Supp., p. 31, § 112; Terrell v. Middleton, 108 Tex. 14, 191 S. W. 1138, 193 S. W. 143.

[2] In view of the proposed defense we have numbered 9, relating to assessing and collecting hail insurance where exemptions were made, and accepted, between June 1 and June 15, 1922, it should be observed in carrying out the hail insurance law the state is not acting in its sovereign capacity. but is engaged in the business of hail insurance.

We have no doubt that all parties who, in reliance upon the constitutionality of chapter 265 of the Session Laws of 1921, in good faith waived premiums or exempted their property, as in that law provided. after June 1st, and prior and up to 12 o'clock noon, on June 15, 1922, and thereby changed their position to their disadvantage, are now estopped from questioning the constitutionality of the law under which each acted to his disadvantage.

In other words, the state, by acting upon, accepting, and granting the exemptions asked, lost the right thereafter to collect premiums. And the insured, by acting upon the law, requesting and accepting immunity from payment of premiums, lost the right to collect any damage for loss by hail. And good faith and fair dealing requires that both are and be held to be estopped thereby. 8 Cyc. 793; 10 R. C. L. 704, § 31; 12 C. J. 771; State ex rel Clemner & Johnson Co. v. Turner, 93 Ohio St. 379, 113 N. E. 327; State ex rel Morgan's Sons v. Board of Liquidators, 28 La. Ann. 121; State v. Taylor, 28 La. 460; State ex rel Young v. Harris, 102 Minn. 340, 113 N. W. 887, 13 L. R. A. (N. S.) 533, and notes on page 534-536, 12 Ann. Cas. 260; Cooley's Const. Lim. (7th Ed.), p. 250.

The application of defendant to withdraw his demurrer and motion to quash and to file an answer is denied.

ANDERSON, P. J., not sitting.

Note—Reported in 193 N. W. 731. See, Headnote (1), American Key-Numbered Digest, Constitutional law, Key-No. 47, 12 C. J. Sec. ≈19; (2) Estoppel, Key-No. 62(2), Constitutional law, 12 C. J. Sec. 195.

The consideration of extrinsic evidence to show unconstitutionality of law is discussed in note in L. R. A. 1915D, 458.

On estoppel of state because of laches to attack municipal charter, see note in 13 L. R. A. (N. S.) 533.

On question of hail insurance, construction of provisions as to extent of loss or recovery, see note in 4 A. L. R. 1299.