FILLBACH, Plaintiff, v. VAN CAMP, Commissioner of Insurance, Defendant.

### (199 N. W. 246.)

(File No. 5623.  Opinion filed June 14, 1924.)

1. **Insurance—Hail Insurance—Assessors—Wheat Crop Held Not Insured Against Hail for Failure to List or Report Acreage as Required by Statute.**

   Plaintiff's wheat crop held not insured against hail because crop was not listed by assessor or reported by owner for hail insurance to either assessor or county auditor as required by Laws 1919, c. 244, Secs. 5, 6, as amended by Laws 1921, c. 265, Secs. 1, 2; Sec. 7, Laws 1919, c. 244, merely specifying maximum amount of insurance and period it is in force.

2. **Insurance—Hail Insurance—Mandamus—Essentials to Securing State Insurance of Crops Against Hail Stated.**

   To effect hail insurance on crops it is incumbent upon owner or other interested party to see to it that crop is properly reported by one or the other of three methods of listing it for hail insurance, as prescribed by Laws 1919, c. 244, Secs. 5, 6, as amended by Laws 1921, c. 265, Secs. 1, 2.

Original proceeding in mandamus by W. C. Fillbach against W. N. Van Camp, as State Commissioner of Insurance and of Hail Insurance.  Writ denied.

*Paul Byrne,* of Miranda, and *W. J. Jacobs,* of Faulkton, for Plaintiff.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendant.

Appellant cited:  Bossen v. Olness (N. D.), 182 N. W. 1014.
Respondent cited:  Brown v. Nelson (N. D.), 197 N. W. 223.

POLLEY, J.  This is an original proceeding in mandamus brought to compel the insurance commissioner to issue to plaintiff a warrant for $386 in payment of damages sustained by plaintiff, because of injury caused by hail to 60 acres of wheat, on the 28th

day of July, 1923. That plaintiff had the wheat, and that it was injured as alleged by plaintiff, is admitted by defendant. But defendant alleges that the wheat in question had not been listed by the assessor nor reported by the owner for hail insurance to either the assessor or the county auditor, and that for that reason said wheat was not insured.

The only question involved in the case is: Are growing crops automatically insured against injury by hail without being listed by the assessor or reported for that purpose by the owner. Plaintiff contends that they are, while it is defendants contention that in order to bring a crop within the protection of the law one or the other of three different acts must be performed: First, the assessor must list it for hail insurance; or, second, the owner must report it to the assessor; or, third, the owner must report it to the county auditor. That either of the above acts will bring a crop within the protection of the law is not questioned.

Section 5 of chapter 244, Laws 1919, as amended by chapter 265, Laws 1921, makes it the duty of the assessor, at the time of listing property for assessment, to return the number of acres in crop or to be sowed or planted, with the name of the owner, tenant, or cropper, as the case may be, and, if the land has not yet been planted he shall return the number of acres under plow or cultivation in each tract, and for the purpose of this act, the total number of acres under plow or cultivation so turned in by the assessor shall be taken and considered to be the number of acres in crop; provided, however, that the owner, tenant, cropper, etc., may, on or before the 1st day of June, file with the county auditor a verified statement of the number of acres in crop. If this statement is made, then it shall take precedence as to the number of acres in crop over the return of the assessor, and shall be accepted by the auditor as the correct number of acres to be taxed for hail insurance.

Section 6 emphatically makes it the duty of the party assessed to report to the assessor the number of acres in crop as often as the land is assessed. If the report required by this section is not made, then the report made by the assessor shall be taken as correct, and shall be the basis for computing the premium of hail insurance.

Plaintiff relies upon what is said in section 7, c. 244, Laws

of 1919, in support of his contention that all crops that are planted are insured against loss or damage by hail, regardless of whether they have been in any manner listed or reported. This section reads as follows:

"All land planted to crops as defined in this act in this state shall be and is hereby deemed to be insured against loss by hail each year on and after twelve o'clock noon of the first day of June to twelve o'clock noon the fifteenth day of September, 1919, and annually thereafter on and between said dates to the amount of, but not exceeding, ten dollars per acre for each acre in crop, except as hereinafter provided; provided, however, such insurance shall automatically cease when said grain is cut or harvested or destroyed by means other than hail."

The first two lines of this section standing alone, appear to support plaintiff's theory, but, upon a careful analysis, it will be found that they do not purport to do anything of the kind. The clause "crops as defined by this act" has reference to the acreage that has been listed or reported in one or the other of the three ways above set out, and not to crops in general, whether they have been listed or reported or not. What this section does do, and all it purports to do, is to specify the period of time during which the insurance is to be in force, and the maximum amount of such insurance.

Under the provisions of the hail insurance law it is primarily the duty of the owner or other authorized person to list his crops in the manner provided by law if he wishes to have the same insured against loss or damage by hail. Of course, it is the duty of the assessor to list the crop acreage, and if the owner fails to make proper return of such crop acreage as provided by law, then the return of the assessor is taken as correct, and the crop is insured. But if for any reason the assessor has failed to list the crop for hail insurance, and the owner has not reported it, then it is not insured. In other words, it is incumbent upon the owner or other interested party to see to it that the crop is properly reported by one or the other of the three different methods of listing it for hail insurance. Bessem v. Olsness, 48 N. D. 68, 182 N. W. 1013; Brown v. Nelson (N. D.) 197 N. W. 223.

The writ will be denied.

Note.—Reported in 199 N. W. 246. See, Headnotes (1) and (2), American Key-Numbered Digest, Insurance, Key-No. 13½, New, vol. 12A Key-No. Series, Hail insurance, 29 C. J. Sec. 2.

For authorities discussing the construction of hail insurance policies, see notes in 4 A. L. R. 1298 and 7 A. L. R. 373.