HOECK, Respondent, v. VAN CAMP, Commissioner of Insurance, Appellant.

(205 N. W. 654.)

(File No. 5619. Opinion filed October 28, 1925.)

**Insurance—State Hail Insurance—Hail Insurance Law Held Not to Operate Automatically.**

Hail insurance law of South Dakota does not operate automatically to insure crops on land that is neither listed by assessor nor reported to county auditor by owner.

Appeal from Circuit Court, Hughes County; Hon. John F. Hughes, Judge.

Mandamus by H. G. Hoeck against W. N. Van Camp, as Commissioner of Insurance and as Commissioner of Hail Insurance of the State of South Dakota. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

*Sutherland, Payne & Linstad,* of Pierre, for Respondent.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Appellant.

Appellant cited: Bossen v. Alsness, Ins. Commissioner, 182 N. W. 1013; Brown v. Nelson et al, 197 N. W. 223.

MORIARTY, C. The commissioner of insurance takes this appeal from a judgment of the trial court granting to respondent a peremptory writ of mandamus directing appellant, as such commissioner, to allow the respondent's claim for hail damages to his

crop of flax. The local assessor did not list the land as cultivated land, nor did respondent report to the county auditor that the land was in crop.

The appeal in this action was taken at about the same time that the original proceeding in the case of Fillbach v. Van Camp, Commissioner, was presented to this court. And it is conceded by counsel for both parties that the facts in this case are practically identical with those in the Fillbach Case. In neither case was there any dispute as to the facts, and it is conceded that these facts present a single question of law, viz: Does the hail insurance law of this state operate automatically so as to insure crops on land that is neither listed by the assessor nor reported to the county auditor by the owner?

By its decision in Fillbach v. Van Camp, 47 S. D. 407, 199 N. W. 246, above referred to, that question was decided in the negative, and it was held that the affirmative act of listing by the assessor, or of reporting to the auditor by the owner, was required to put insurance into effect. The decision in that case is controlling in the instant case, and, in accordance with that decision, the judgment appealed from herein is hereby reversed, and the case is remanded to the trial court, with instructions to that court to enter judgment in accordance with this opinion in favor of the defendant.

Reversed and remanded.

Note.—Reported in 205 N. W. 654. See, Headnote, American Key-Numbered Digest, Hail Insurance, Key-No. 13½, 29 C. J. Sec. 2.