OSTERKAMP, Appellant, v. ZIGLER et al, Respondents.

(216 N. W. 856.)

(File No. 6333. Opinion filed December 20, 1927.)

*Johnson & Johnson,* of Pierre, for Appellant.

*Fuller & Robinson,* of Pierre, and the *Attorney General,* for Respondents.

POLLEY, J.    This action is brought to recover damages caused by hail to a 40-acre field of oats owned by plaintiff. The defendant, Charles W. Zigler, is the county assessor. After the storm that caused the damage, plaintiff filed his claim with the commissioner of insurance, who, assuming the land to have been properly listed for hail insurance, had the loss adjusted, but later on learned that said land had not been listed for hail insurance, and refused to pay the loss.

Under the authority of Fillbach v. Van Camp, 47 S. D. 407, 199 N. W. 246, there is no liability on the part of the state, unless the land has been properly listed for hail insurance tax before the loss occurs.    But plaintiff, claiming that the land had been properly listed with the assessor, and that the failure to list it with the auditor was because of the negligence of the assessor, brings this action against the assessor to recover the damage occasioned to him through the negligence of the assessor in failing to properly list the land with the county auditor.

Section 5 of chapter 244, Session Laws of 1919, as amended by section 1 of chapter 265, Session Laws of 1921, reads as follows:

"It shall be and is hereby made the duty of each and every county, city, township and village assessor in the state, each within his respective district, at the time of listing the property for assessment, to return the number of acres in crop or to be sowed or planted to crop in the year of such assessment in every tract, parcel or subdivision of land assessed, together with the name of the person in whose name the land is taxed and also the name of the occupant, cropper, tenant or tenants, if any.    Such assessor shall specify the number of acres of wheat, oats, barley, rye, flax, speltz, corn, cane, alfalfa, proso, millet, buckwheat and sorghum in each and every tract, parcel or subdivision of agricultural land assessed and if said land at the date of such assessment has not been planted

to crop, and he cannot determine the number of acres which will be planted to such crops in that year, he shall return the total number of acres under plow or cultivation in each tract and for the purposes of this act the total number of acres under plow or cultivation, so returned, shall be taken and considered to be the number of acres in crop, unless the owner or occupant of said land shall, on or before twelve o'clock noon, the first day of June, or on or before twelve o'clock noon the fifteenth day of June, 1921 (as provided in section 7) of each year, file with the county auditor of the county in which said land is situated, a statement duly verified by oath, describing the number of acres in crop and specifying the kind of grain in substantially the following form, to wit: [Here follows form of report.]

"The report so made by the assesor shall be the basis for computing the premium for hail insurance. If, however, the owner, occupant or lessee of such land shall file as above provided a statement showing the number of acres in crop, then and in that event such statement shall become and be the basis for estimating the premium chargeable to such tract of land."

This section makes it the absolute duty of the assessor to return, for the purpose of the hail tax, every tract of land in his assessing district on which there is a growing crop, and the returns so made by him is the basis for computing the premium for hail insurance. It is true that the crop owner has a right to file a statement correcting the return made by the assessor, and, if such statement is filed, it shall become the basis for estimating the premium chargeable to such tract of land. In this case no such correction was made.

At the trial the assessor testified that:

"When I made my return to the county auditor, I knew the exact description of the L. Osterkamp land near Blunt, and the only reason why I did not put in the correct description of the land for hail insurance was because I forgot to make the correction."

In other words, the failure to return plaintiff's land for the hail insurance tax was due solely to the negligence of the defendant as assessor. This being true, the defendant should be held liable for the damage caused by such negligence, and plaintiff

should have had judgment for the amount of the damage caused by the hail, less the amount of the premium.

The judgment appealed from is reversed.

CAMPBELL, P. J., concurs in result, and SHERWOOD, BURCH, and BROWN, JJ., concur.