STATE ex rel SCHMIDT, Appellant, v. HELGERSON, Respondent.

(217 N. W. 638.)

(File No. 6330. Opinion filed February 4, 1928.)

*Bruell & Henderson,* of Redfield, for Appellant.

*Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for Respondent.

POLLEY, J. This is a proceeding in mandamus brought to compel the commissioner of insurance to pay a claim for damage caused by hail. The commissioner resists payment on the ground that the land on which the damaged crop was growing had not been listed for hail insurance, and that there was no liability on the part of the state for the loss. The circuit court denied the writ, and plaintiff appeals.

The land had been listed for hail insurance during the pre-

vious year, and the claimant assumed that the land would be listed for hail insurance by the assessor and county audtior for the current year.

In July the crop was destroyed by hail, and claimant notified defendant of the loss, and asked for an adjustment. The defendant, assuming that the crop was insured, had the crop examined, and adjusted it as a total loss. Later on he checked up with the county auditor, and learned that the land had not been listed for hail insurance, and refused to pay the loss. When this fact was learned, the assessor made out, and filed with the auditor, a supplemental report in which she listed the crop for hail insurance. This was not until during the month of December, some four or five months after the loss had occurred; and we believe too late to be of any avail to the claimant. It was clearly the intent of the Legislature that all land should be listed for hail insurance tax before the crop on such land should be insured against hail. To permit the land involved to be listed for hail insurance at the time this supplemental report of the assessor was filed with the auditor would be to permit the claimant to insure his crop after it had been destroyed.

We fail to see any material difference between the facts in this case and the controlling facts in Fillbach v. Van Camp, 47 S. D. 407, 199 N. W. 246, and Hoeck v. Van Camp, 48 S. D. 628, 205 N. W. 654. In the Fillbach Case we said:

"Under the provisions of the hail insurance law it is primarily the duty of the owner * * * to list his crops in the manner provided by law if he wishes to have the same insured against loss or damage by hail."

With this proposition appellant in this case does not agree, and asks us to recede from that position and hold that all crops are automatically insured whether they have been listed or not; claiming "there is no statutory provision or requirement to the effect that the landowner must perform any specific act in order that his crop may be insured." But this wholly ignores the provisions of section 2, c. 265, Laws 1921 (amending Laws 1919, c. 244, § 6), which makes it the "duty of each person so assessed to report to the assessor the number of acres of crops as defined by this act when and as often as said land is assessed."

If this means anything at all, it means that the crop owner

must have sufficient interest in the matter to see to it that his land is listed with the assessor or with the auditor, so as to become chargeable with the hail insurance tax. Hoeck v. Van Camp, supra.

Neither do we find anything in chapter 209, Laws 1923, that warrants a change in what we said in the Fillbach Case. The purpose of section 7, c. 244, Laws 1919, is to fix the period covered by the state hail insurance. By that section the insurance in all the counties of the state took effect on the 1st day of June of each year. This section was amended by section 3 of chapter 265, Laws 1921, dividing the state into two districts, in one of which hail insurance was to take effect on the 1st day of June of each year, and in the other on the 15th day of June. This section in turn was amended by chapter 209, Laws 1923, which is an exact re-enactment of section 7 of chapter 244, Laws 1919. This section makes no change in the law of 1921, except to change the date on which hail insurance takes effect in certain named counties.

It is pointed out by appellant that this land was listed for hail insurance for the season of 1924; that it was not exempted from hail insurance in 1925—therefore it was automatically insured for 1925. This is contrary to our previous holding, and contrary to what we think the law is.

Section 5, c. 244, Laws 1919, as amended by section 1, c. 265, Laws 1921, reads as follows:

"It shall be and is hereby made the duty of each and every county, city, township and village assessor in the state, each within his respective district, at the time of listing the property for assessment, to return the number of acres in crop or to be sowed or planted to crop in the year of such assessment in every tract, parcel or subdivision of land assessed, together with the name of the person in whose name the land is taxed, and also the name of the occupant, cropper, tenant, or tenants, if any. Such assessor shall specify the number of acres of wheat, oats, barley, rye, flax, speltz, corn, cane, alfalfa, proso, millet, buckwheat and sorghum in each and every tract, parcel or subdivision of agricultural land assessed and if said land at the date of such assessment has not been planted to crop, and he cannot determine the number of acres which will be planted to such crops in that year, he shall return the total number of acres under plow or cultivation in each tract

and for the purposes of this act the total number of acres under plow or cultivation, so returned, shall be taken and considered to be the number of acres in crop, unless the owner or occupant of said land shall, on or before twelve o'clock noon, the first day of June, or on or before twelve o'clock noon, the fifteen day of June, 1921 (as provided in section 7), of each year, file with the county auditor of the county in which said land is situated, a statement duly verified by oath, describing the number of acres in crop and specifying the kind of grain in substantially the following form, to wit: [Here follows form of report.]

"The report so made by the assessor shall be the basis for computing the premium for hail insurance. If, however, the owner, occupant or lessee of such land shall file as above provided a statement showing the number of acres in crop, then and in that event such statement shall become and be the basis for estimating the premium chargeable to such tract of land."

Whatever may be the meaning of this section, it does not excuse the crop owner from listing his land, if he wishes his crop insured. We have already held, and we think correctly, that the crop is not insured unless it has been listed by some one with authority to list it, so that the land on which the crop is growing is subject to the hail insurance tax. Fillbach v. Van Camp, supra, and Hoeck v. Van Camp, supra.

The judgment appealed from is affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.
CAMPBELL, J., concurs in result.