McDONALD, Respondent, v. HELGERSON, Commissioner of Insurance, Appellant.

(222 N. W. 694.)

(File No. 6375. Opinion filed December 31, 1928.)

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener* and *H. A. Linstrom,* Assistant Attorneys General, for Appellant.

*Windsor Doherty,* of Winner, for Respondent.

CAMPBELL, J. Plaintiff sought mandamus in the circuit court to compel the defendant, as commissioner of insurance, to approve, adjust, and pay to plaintiff the amount of damage done by hail to plaintiff's growing crop in July, 1925, contending that said crop was insured under the provisions of the state hail insurance law. The defense was that the crop in question was not so insured for the season of 1925.

The facts were stipulated, and are as follows: Plaintiff owned the northeast quarter of section 26, township 99, range 78, Tripp county, on which premises one Nolan was tenant, plaintiff having a third interest and Nolan a two-thirds interest in the 1925 crop. On May 25, 1925, the township assessor called on the tenant Nolan at the premises in question and furnished a blank to Nolan to report to him as assessor the number of acres of crop and kinds of crop upon said premises as provided by the Hail Insurance Law. Nolan filled out the blank in part, subscribed and swore to the same before the assessor, and delivered it to the assessor in the following form:

"List of Agricultural Land for the Year 192—,
Tripp County, South Dakota.

"Owner J. A. McDonald                Share ⅓                Carter
                                                             Address

"Tenant W. J. Nolan                  Share ⅔                Jordan
                                                             Address

"List Crop on Each Quarter Section Separately.

"If Crop Is in Different Sections Use Separate Sheet for Each Section.

No. of
Acres

| Crop | Description | Sec. | Twp. | Range |
|------|-------------|------|------|-------|
| Wheat | NE¼ | 26 | 99 | 78 |
| Oats | | | | |
| Barley | | | | |
| Rye | | | | |
| Flax | | | | |
| Speltz | | | | |
| Corn | | | | |
| Cane or Sorghum | | | | |
| Alfalfa | | | | |
| Proso | | | | |
| Millet | | | | |
| Buckwheat | | | | |
| Total | | | | |

"State of South Dakota, County of Tripp—ss.:

"I, —————————, do solemnly swear that the foregoing is a true, full, correct and complete statement to the best of my knowledge and belief, of the acreage of agricultural lands in crop as itemized above, of which I am the owner, cropper or lessee; that I have not sought to mislead the Assessor in any way or connived at any violation or evasion of the requirements of the law in relation to the assessment of property under the State Hail Insurance Act.                                "W. J. Nolan.

"Subscribed and sworn to before me this 25 day of —————,
A. D. 1925.                        "A. M. Ream, Assessor."

At that time the tenant, Nolan, verbally informed the assessor that there were 103 acres under cultivation upon the tract and that the same was all to be planted to corn.  The written instrument

so executed by Nolan was thereafter filed by the assessor in the office of the county auditor of Tripp county, but it does not appear that the auditor was in any manner advised of the tenant's verbal statements or that the assessor made to or filed with the auditor any report showing the number of acres in crop or under cultivation upon the land in question. The county auditor did not enter upon the tax lists, opposite the description of the tract in question, any premium charged for hail insurance, nor did he certify to the defendant any record of any acreage of crop or land under cultivation for the purpose of subjecting the tract to hail insurance and premium tax, or hail insurance purposes. Neither tenant nor owner, nor any one in behalf of either, filed with the county auditor before June 1, 1925, or before the hail loss, any verified statement describing the number of acres in crop and specifying the kind of grain upon the tract in question. Neither was the land ever exempted in the manner provided by the Hail Insurance Law, or at all. No wheat was planted on the land, nor other crop, excepting approximately 103 acres of corn. Loss occurred July 25, 1925. Plaintiff promptly notified the defendant commissioner, who sent and official adjuster, who determined the total loss to be $618, one-third to plaintiff and two-thirds to the tenant; but defendant, subsequently discovering that the land was not in his opinion subject to the provisions of the Hail Insurance Law for the year 1925, has refused to approve, allow, and pay the amount of such loss, and this proceeding was instituted.

The trial court adopted the stipulated facts as findings, entered judgment in favor of plaintiff, and issued its peremptory writ as prayed, and defendant has appealed.

The statute involved is chapter 244, Laws 1919, as amended by chapter 265, Laws 1921, and material portions thereof are as follows:

"Section 5. It shall be and is hereby made the duty of each and every * * * assessor in the state, * * * at the time of listing the property for assessment, to return the number of acres in crop * * * in the year of such assessment in every tract * * * of land assessed, together with the name of the person in whose name the land is taxed and also the name of the occupant, * * * or tenants, if any. Such assessor shall specify the number of acres of wheat, oats, barley, rye flax, speltz, corn, cane, alfalfa, proso, millet, buck-

wheat and sorghum in each and every tract, parcel or subdivision of agricultural land assessed and if said land at the date of such assessment has not been planted to crop, and he cannot determine the number of acres which will be planted to such crops in that year, he shall return the total number of acres under plow or cultivation * * * and for the purposes of this act the total number of acres under plow or cultivation, so returned, shall be taken and considered to be the number of acres in crop, unless the owner or occupant * * * shall, on on before twelve o'clock noon, the first day of June, * * * file with the county auditor of the county in which said land is situated, a statement duly verified by oath, describing the number of acres in crop and specifying the kind of grain in substantially the following form, to-wit: * * * The report so made by the assessor shall be the basis for computing the premium for hail insurance. If, however, the owner, occupant or lessee of such land shall file as above provided a statement showing the number of acres in crop, then * * * such statement shall become and be the basis for estimating the premium chargeable to such tract of land. * * *

"Section 6. It shall be the duty of each person so assessed to report to the assessor the number of acres of crop as defined by this Act when and as often as said land is assessed. The owner, occupant or lessee of land not legally taxable and therefore not listed by the assessor may nevertheless insure the crop thereon * * * by filing with the County Auditor, prior to twelve o'clock noon of June first * * * in any year and before he has incurred any loss from hail, a sworn statement in form as provided by Section 5 of this Act, and by paying the premium thereon as computed by the County Auditor in cash. * * *

"Section 11. In preparing the tax lists for each year, the county auditor shall enter in such tax lists opposite the description of each tract, parcel or subdivision of agricultural land, the premium charged against said land. He shall compute the premium by multiplying the number of acres in crop by the number of cents charged for each acre of crop in the district in which said land is situated; * * * such premium shall be a general tax against the whole of said tract, parcel or subdivision of land in like manner and of the same effect as general state and county taxes. * * *"

This court perhaps seemed to indicate in Fillbach v. Van Camp

(1924), 47 S. D. 407, 199 N. W. 246, that land could have the benefits of the Hail Insurance Law by reporting it to the assessor and that reporting to the assessor was one of "three different methods of listing it for hail insurance." This, we think, was inadvertent. That was not in fact the situation involved in the Fillbach Case, and such implication has not been supported by the subsequent decisions of this court. See State ex rel. v. Helgerson (1928), 52 S. D. 367, 217 N. W. 638. See, also, Osterkamp v. Zigler, (1927), 52 S. D. 107, 216 N. W. 856, wherein this court held that when an owner seasonably furnished proper and complete information to the assessor and the assessor failed to report the land to the county auditor for hail insurance purposes, the assessor was personally liable for damages caused to plaintiff by such negligence. Of course, if merely listing with the assessor gave the land the benefit of hail insurance the owner could not be damaged in the manner or to the extent claimed in the Osterkamp Case by the assessor's failure to list it with the county auditor. Hence the doctrine of the Osterkamp Case is a clear and necessary repudiation of any idea that the owner has secured for himself the benefits of the Hail Insurance Law merely by seasonably and correctly advising the assessor of the relevant facts.

Under the express and definite provisions of the law, we think land is not subjected to the premium tax nor in position to receive the benefits of the Hail Insurance Law unless and until the necessary facts are presented to the county auditor by one or other of the two methods contemplated by the statute—i. e., either by means of the report or return of the assessor or by the statutory verified statement of the owner or occupant filed with the county auditor. What the situation might be if the county auditor, having such information duly filed with him, failed to make the extension on the tax lists as provided in section 11 above quoted, is not involved in this case, and we express no opinion thereon.

In the instant case nothing was filed with the auditor from which he could compute the premium for his tax lists as provided by section 11, and the land did not become entitled to the benefits or subject to the burdens of the Hail Insurance Law. This court has consistently held that the burden is on the owner or tenant to see that those things are done which need to be done to have the insurance, and if officers fail in their duty, there may be a

remedy against them personally, but the state is not thereby estopped into insurance. Osterkamp v. Zigler, supra.

The major portion of all the briefs filed in this case is devoted to arguing the vexed question of "sovereignty." It is the contention of respondent that the state does not operate in its hail insurance functions in a sovereign capacity, but in a nonsovereign quasi private corporate capacity as was stated by this court in Stavig v. Van Camp (1923), 46 S. D. 472, 193 N. W. 731; that the assessor is the agent of the state in such private corporate capacity with reference to hail insurance; that his information is the information of all concerned; and that upon such theory the state is estopped to deny that the insurance was effected in this case. This question has been ruled adversely to respondent's contention in the recent case of State of outh Dakota v. County of Beadle (1928), 53 S. D. 609, 222 N. W. 583, and Stavig v. Van Camp has been to that extent overruled.

We are clearly of the opinion that the land in the instant case was not brought under the provisions of the Hail Insurance Law. The necessary information was not presented to the county auditor. The auditor was neither entitled nor required from such information as was presented to him to speculate with reference to the kind of crop or the number of acres of any kind of crop under cultivation, and he was not presented with any information which would justify him in computing any premium charge for the tax lists or would enable him to do so in the manner provided by section 11, supra. Whether there is any personal liability on the part of the assessor under the particular facts of the instant case is in no wise involved, and we do not desire anything in this opinion to be taken as an indication of any view one way or the other upon that point.

The peremptory writ is quashed, and the judgment appealed from is reversed and the cause remanded, with directions to enter a judgment in favor of the defendant upon the stipulated facts in harmony with this opinion. Let no costs be taxed on this appeal.

BURCH, P. J., and POLLEY and BROWN, JJ., concur.

SHERWOOD, J. (dissenting). For the reasons stated in Stavig v. Van Camp, I dissent.