EHLY, Respondent, v. HELGERSON, Commissioner of Hail Insurance of the State of South Dakota, Appellant.

(223 N. W. 731.)

(File No. 6762. Opinion filed February 21, 1929.)

*Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for Appellant.

*T. C. Gorman,* of Timber Lake, and *Corrigan & Walton,* of Aberdeen, for Respondent.

CAMPBELL, J. Plaintiff applied to the circuit court for its writ of mandamus directing the defendant, as commmissioner of insurance, to adjust and pay a certain hail loss. Defendant answered, and upon the trial the court made findings and conclusions in favor of plaintiff upon all the issues and entered judgment awarding the peremptory writ, and defendant has appealed.

Respondent had certain crops in Dewey county during the farming season of 1925, and the crop being damaged by hail, respondent notified appellant, who sent an adjuster to estimate the damage; but appellant presently discovered that the crop in question was not in his opinion protected by state hail insurance for the farming season of 1925, and thereupon refused to approve the report of the adjuster who had inspected the crop and refused to allow or pay any loss. Respondent had reported this crop for hail insurance to the deputy assessor, but neither respondent nor the assessor nor any one else made a report or return thereof to the county auditor. It is the contention of respondent that he became entitled to the protection of the Hail Insurance Law (Rev. Code 1919, §§ 9281-9286) by the mere fact of listing the premises with the deputy assessor, without more, and regardless of the fact that neither respondent nor any one else made any return thereof to the county auditor. The matter is squarely presented by the first conclusion of law made and entered by the learned trial judge, which reads as follows: "The court finds that by listing plaintiff's two-thirds interest in the said crops with the Deputy Assessor of Dewey County and the said Deputy Assessor accepting the said listing and issuing to plaintiff his certificate that the said crops were so listed with him as such Assessor, for insurance, under the State Hail Insurance Law, the State of South Dakota became liable to the said Carl Ehly for loss by hail on his crops grown thereon for that year; and it thereupon became the duty of the defendant, as Commissioner of Hail Insurance of the State of South Dakota, to take such steps as were necessary to complete the records of such listing

and to issue to the plaintiff, Carl Ehly, his voucher in the sum of $24.00 to cover his two-thirds of a fifteen per cent loss on the 40 acres of wheat growing on the southwest quarter of section 28, township 16, range 22, less the sum of $16.00 being the amount of hail insurance premium chargeable thereon; and that it became the duty of the defendant as Commissioner of Hail Insurance of the State of South Dakota, to issue to the plaintiff his other voucher for the sum of $48.66 to cover plaintiff's loss incurred by said hail to crops then growing on the northeast quarter of section 33, township 16, range 22, to-wit, ten per cent loss on 25 acres of oats; a fifteen per cent loss on 45 acres of wheat and 25 acres of speltz growing thereon, after deducting therefrom $38.00, the amount of hail insurance premium chargeable against the plaintiff for his share of said crops."

In McDonald v. Helgerson (No. 6375, opinion filed December 31, 1928), 54 S. D. —, 222 N.W. 694, this court has ruled this matter directly against the contention of respondent by the following language: "Under the express and definite provisions of the law, we think land is not subjected to the premium tax nor in position to receive the benefits of the Hail Insurance Law unless and until the necessary facts are presented to the county auditor by one or other of the two methods contemplated by the statute, i.e., either by means of the report or return of the assessor or by the statutory verified statement of the owner or occupant filed with the county auditor."

This is also the holding by necessary inference in Osterkamp v. Zigler, 52 S. D. 86, 216 N. W. 856.

Upon the authority of those decisions, from which we are not presently disposed to recede, the judgment appealed from is reversed, the peremptory writ is quashed, and the case is remanded with directions to enter a judgment dismissing the alternative writ. Let no costs be taxed on this appeal.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.