PICKRELL, Respondent, v. HELGERSON, Ins. Comr.; Appellant.

(234 N. W. 526.)

(File No. 6974.   Opinion filed January 21, 1931.)

M. Q. Sharpe, Attorney General, and Benj. D. Mintener, Assistant Attorney General, for Appellant.

Martin & Martin, of Hot Springs, for Respondent.

BROWN, J.   Defendant, as commissioner of hail insurance, appeals from a judgment awarding peremptory writ of mandamus commanding him to approve an adjustment of loss by hail for 33 acres of oats and commanding him to issue a voucher to the state auditor for the sum of $165 (the amount of the adjustment), with interest from October 15, 1924.

The court finds and appellant concedes that plaintiff gave to the assessor at the time of the assessment in the month of May a written list or statement of the land in crop to be insured, and that this was returned and delivered by the assessor to the county auditor of Fall River county wherein the insured crop was situated. The auditor failed to enter the charge for hail insurance on the tax list against the land involved. Plaintiff made a claim for damages to his crop by hailstorms which occurred on August 7th and 15th, and, an adjuster having been sent to examine the crop, adjusted the loss at 50 per cent or $5 per acre. After the adjustment was made, it was discovered that the land had not been listed in the office of the county auditor for hail insurance, and that no premium tax had been entered upon the tax records and no premium had been paid. The insurance commissioner therefore refused to approve adjustment or to issue a voucher therefor.

In McDonald v. Helgerson, 5 S. D. 136, 222 N. W. 694, 696, where the assessor failed to return the acreage which had been verbally stated to him by the owner, in holding that the crop was not insured, we said: "We think land is not subjected to the premium tax nor in position to receive the benefits of the Hail Insurance Law unless and until the necessary facts are presented to the county auditor by one or other of the two methods contemplated by the statute— i. e., either by means of the report or return of the assessor or by the statutory verified statement of the owner or occupant filed with the county auditor. What the situation might be if the county auditor, having such information duly filed with him, failed to make the extension on the tax lists as provided in section 11 above quoted, is not involved in this case, and we express no opinion thereon."

Where crop has been properly listed with the assessor for hail insurance, and the assessor has made the proper return thereof to the county auditor, the owner has done all that is required of him in order to have the land subjected to the premium tax and the crop protected by insurance. When the assessor's return has reached the auditor, he has been furnished with all data necessary to render the land liable for tax, and the crop is insured. The failure of the auditor to mark the assessor's return "filed," or his failure for any reason to have the premium tax spread against the land, should not defeat the right of the owner to recover for loss by hail.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and BURCH, J., concur.

CAMPBELL, J., concurs in result.

ROBERTS, J., disqualified, not participating.