MAHONEY, et al, Respondents, v. SHERMAN, Appellant.

(235 N. W. 518.)

(File No. 6979. Opinion filed March 10, 1931.)

*Miller & Shandorf,* of Mitchell, for Appellant.
*Morgan & Eastman,* of Mitchell, for Respondents.

BURCH, J. In 1927 defendant was township assessor for Mount Vernon township in Davison county; in that year he listed for assessment and taxation 80 acres of land known in the record as the Forbes' land. The Forbes' land consisted of three quarter sections in Aurora county and the 80 acres in question adjoining, but across the county line in Davison county. The 80 acres were sowed to oats by plaintiffs in the year 1927. At the time the assessor listed the land for taxation, he failed and neglected to list the crop for state hail insurance. In July, 1927, the oats crop was totally destroyed by hail. Because the crop had not been listed for insurance, the crop was not insured against damage by hail. This action is brought to recover of the assessor damages resulting from loss of insurance due to his negligence in failing to list the land for hail insurance. The case was tried to the court without a jury. Judgment for plaintiffs, and defendant appeals from the judgment and an order denying a new trial.

 This court has held that a crop is not covered by hail insurance, unless listed with the county auditor in some manner provided by law. Fillbach v. Van Camp, 47 S. D. 407, 199 N. W. 246, 247; State ex rel Schmidt v. Helgerson, 52 S. D. 367, 217 N. W. 638. Respondents' crop was therefore not insured. In the case of Osterkamp v. Zigler, 52 S. D. 86, 216 N. W. 856, 857, we held that an assessor who fails to list a crop for hail insurance as required by law is liable to an injured party for the loss sustained. That case is controlling as to the liability of the assessor. In the Osterkamp Case, however, the owner of the crop imperfectly listed the crop for hail insurance with the assessor. In this case none of the respondents listed, or attempted to list, the crops for hail insurance with the assessor or in any other manner. Appellant contends that under such circumstances, where the owner has made no effort to secure the insurance (as he might have done), he cannot recover of the assessor, because guilty of contributory negligence.

The Code provisions applicable to this case are section 5 of chapter 244, Laws 1919, as amended by chapter 265, § 1, Laws of 1921, and section 6 of chapter 244, Laws of 1919, as amended by chapter 265, Laws of 1921, § 2, as amended by chapter 148, Laws of 1927. Material portions of said section 5 provide:

"It shall be and is hereby made the duty of each and every county, city, township and village assessor in the state, each within his respective district, at the time of listing the property for assessment, to return the number of acres in crop or to be sowed or planted to crop in the year of such assessment in every tract, parcel or subdivision of land assessed, together with the name of the person in whose name the land is taxed and also the name of the occupant, cropper, tenant or tenants, if any * * * and if said land at the date of such assessment has not been planted to crop, and he cannot determine the number of acres which will be planted to such crops in that year, he shall return the total number of acres under plow or cultivation in each tract and for the purposes of this act the total number of acres under plow or cultivation, so returned, shall be taken and considered to be the number of acres in crop, unless (here follows a provision whereby the owner may file with the county auditor a list of the crops which were at the time of the assessment or thereafter planted, in which the owner's list shall be the basis of computation for hail insurance instead of the assessor's return)."

And material portions of section 6 provide:

"It shall be the duty of each person so assessed to report to the assessor the number of acres of crop as defined by this Act when and as often as said land is assessed, except as hereinafter provided. * * * Neither the assessor or cropper shall be required to list the crop acreage on any subdivision of land which the County Auditor has reported as being permanently exempted. * * * The owner, occupant, or lessee of land not legally taxable and therefore not listed by the assessor or of land to which the fee title is in the state shall not be entitled to the benefits of this Act, unless such owner, occupant, or lessee shall insure the crops thereon by filing with the County Auditor * * * a sworn statement. * * *"

Under the provisions of these two sections it is plainly the official duty of the assessor to list the crop for hail insurance. The owner may, and must if he desires the crop insured, see to it himself that the proper listing is made. Such is the effect of the holdings in the Fillbach and Schmidt Cases. But neither of those cases is applicable to the situation here. Our attention is called to some of the language used in those cases, in which it was said there was a primary duty imposed upon the crop owner to list or see that the crop was properly listed, but that language must be construed in connection with the question involved. The assessor, owing an official duty not only to the state to list all the crops but to the crop owner, cannot be excused for his neglect because the crop owner might also have listed the crop. We do not think it could be said that one who relies upon an officer to perform his statutory duty is negligent in not seeing that such duty is performed. We have not found any case involving the liability of an officer for neglect of official duty, where it has been held that an injured party cannot recover, because by action on his part he might have caused the officer to act. To make such a distinction would be to hold an officer not liable for mere neglect of duty, but liable only for willful refusal to perform when requested.

In this case respondents were not the owners of the Forbes' land. They were tenants, and lived on that portion of the land in Aurora county, about a half mile from the 80 in Mt. Vernon township, Davison county. They were not present when the 80 was listed for taxation. The assessment of the land was not against them, but against a nonresident owner, and there is nothing to indi-

162

cate they knew when it was assessed, or had any opportunity at that time to list the crop for hail insurance with the assessor.

■■ Complaint is made that the trial court admitted a lease executed by Rankin C. Forbes as conservator of I. M. Forbes, the owner, and a letter by Rankin C. Forbes modifying the lease, written after the death of I. M. Forbes, which it is contended could not be a valid and binding agreement, because the authority of the guardian terminated upon death of his ward. Other documentary evidence was also introduced over objection. The case was tried to the court without a jury, and it will be presumed the court considered only competent evidence. Respondents have been in open and notorious possession of the land claiming a lease, they sowed and tended the crop, and no one interested in the title to the land has denied their right, or has made any objection to their occupancy. Their right is not seriously in dispute, and, under the circumstances, the evidence is sufficient.

Finding no prejudicial error, the judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.